# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| RICHARD A. SWOBODA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 3:14-CV-490-TLS |
| DANIEL A. GIOIA, CHAD J. MELCHI, and BURKE COSTANZA & CUPPY LLP, et. al. | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss [ECF No. 22] filed by two of the Defendants, Patrick Blankenship and Richard Stalbrink, another Motion to Dismiss [ECF No. 24] and renewed Motion to Dismiss [ECF No. 34] filed by two other Defendants, Burke Costanza & Cuppy LLP, and Chad Melchi, a Motion to Dismiss [ECF No. 26] filed by Defendant William Stevens, and a Motion to Strike Plaintiff's Second Amended Complaint [ECF No. 30] filed by Defendants Burke Costanza & Cuppy, Daniel Gioia, and Chad Melchi. These four motions stem from the filing of a pro se Complaint [ECF No. 1] by the Plaintiff, Richard Swoboda. The Plaintiff then filed an Amended Complaint [ECF No. 18] and a Second Amended Complaint [ECF No. 29]. Additionally, the Plaintiff has also filed a Letter Explaining his Pro Se Status [ECF No. 36], a document called a Response [ECF No. 37], and another document called a Second Response [ECF No. 38].

The Plaintiff is suing a number of Defendants in this case and the various Motions to Dismiss all seek dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Several of the Motions also address the *Rooker-Feldman* doctrine, which prohibits federal district courts from reviewing state court civil judgments. Still other of the

Motions make arguments regarding judicial immunity that may apply to a number of the Defendants. The Court need not reach the issues of the *Rooker-Feldman* doctrine or judicial immunity because this Court has no jurisdiction over this matter.

There are two forms of federal jurisdiction over civil matters. First, 28 U.S.C. § 1331 provides that federal district courts have original jurisdiction for "all civil actions arising under the Constitution, laws, or treaties of the United States." This is otherwise known as Federal Question jurisdiction. Second, 28 U.S.C. § 1332 establishes federal jurisdiction in actions where the amount in controversy is more than $75,000 and is between "citizens of different States." This is known as Diversity jurisdiction. After reviewing the Plaintiff's numerous filings in this matter, including his responses to the Defendants' Motions, the Court finds that he has made no showing of either diversity jurisdiction or federal question jurisdiction. The Complaint appears to be an attempt to re-litigate a State Court case in which the Plaintiff did not receive the result he desired. The burden is on the Plaintiff to show that this Court has subject matter jurisdiction over the case and, despite multiple opportunities, he has failed to do so. Unlike a situation where a pro se Plaintiff has failed to state a claim upon which relief can be granted, jurisdictional issues are not easily cured. The Plaintiff has seen numerous arguments from multiple Defendants that there is no subject matter jurisdiction and he has even stated that "the plaintiff [*sic*] willingly yield and accept the ruling of the Federal Court as to where the Complaint should be heard." (Pl.'s Resp. at 2, ECF No. 37.) This issue, therefore, is incurable and the Plaintiff will not be granted leave to amend.

For the foregoing reasons, the Complaint [ECF No. 1], the Amended Complaint [ECF No. 18], and the Second Amended Complaint [ECF No. 29] are DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction. All pending motions are termed.

SO ORDERED on June 30, 2014.

                                             s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT
                                            FORT WAYNE DIVISION