UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| RICHARD A. SWOBODA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-490 JD |
| | ) | |
| PATRICK BLANKENSHIP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

In this matter, Richard A. Swoboda, a pro se plaintiff, asserts various claims arising under state law, such as malicious prosecution, fraud, slander, and malpractice, against several judges, attorneys, and a law firm, related to matters he has litigated in the state courts. However, he did not assert any claims arising under federal law, such as would invoke this Court's federal question jurisdiction, nor did he allege facts that would support diversity jurisdiction. The defendants responded with several motions to dismiss for lack of subject matter jurisdiction (both for failure to plead jurisdiction and based on the *Rooker-Feldman* doctrine) and due to judicial immunity. On June 30, 2014, Judge Springmann granted the motions to dismiss, finding that Mr. Swoboda had not properly alleged jurisdiction. Because Mr. Swoboda had not given any indication that he could cure the jurisdictional defects, the Court did not grant leave to amend. [DE 42]. Judge Springmann thus stated that the complaint was "dismissed with prejudice," and the Clerk of the Court entered a judgment reflecting that order. Judge Springmann subsequently recused herself, and the case was randomly reassigned to the undersigned.

Mr. Swoboda has submitted various filings since the dismissal of his case, but none of them present grounds for reconsidering the dismissal of his claim for lack of subject matter jurisdiction. However, in his July 2, 2014 filing, Mr. Swoboda states, "The plaintiff does have

one special request to make of the Court. Any Complaint that is dismissed, be done so without prejudice in order that the plaintiff's Complaints can be refiled in an appropriate court . . . ." [DE 45]. The Court construes this as a request under Rule 59(e) to alter or amend a judgment, and grants Mr. Swoboda's request. Because the Court dismissed Mr. Swoboda's complaint for lack of subject matter jurisdiction, the dismissal should have been *without* prejudice: "A suit dismissed for lack of jurisdiction cannot *also* be dismissed 'with prejudice'; that's a disposition on the merits, which only a court with jurisdiction may render. 'No jurisdiction' and 'with prejudice' are mutually exclusive." *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (internal citations omitted); *Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006) ("A dismissal for lack of subject matter jurisdiction is not on the merits. . . . A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice.").

The Court therefore DIRECTS the Clerk of the Court to amend the judgment so as to state that the case is dismissed "without prejudice." However, this case remains closed, and if Mr. Swoboda wishes to pursue his claims, he should do so by filing his complaint in the appropriate state court.

SO ORDERED.

ENTERED:  September 25, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court